## Williams v. Justice.

### (Decided January 16, 1912.)

### Appeal from Pike Circuit Court

Writing—Action Upon—Fraud—Evidence.—In an action upon a writing where the defense was that it was obtained by fraud and the defense supported by several witnesses, the plaintiff not testifying, although it was shown that he lived in the town where the trial occurred, the finding of the lower court upholding the defense was proper.

AUXIER, HARMAN & FRANCIS for appellant.

BUTLER & MOORE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant instituted this action upon an account the balance of which was $238.84, made out against W. R. Justice and appellee, Ep Justice. It was the individual account of W. R. Just ce. He filed with his petition what purported to be a written promise of Ep Justice to pay it. The writing is as follows:

"Pikeville, Ky., Nov. 14th, 1902.
"We, the undersigned, who compose timber firm of Ep & W. R. Justice hereby agree to pay as a partnership not only the partnership debts owing and that shall become owing to U. K. Williams, but also the partnership property shall be subject to individual indebtedness of undersigned to said Williams, both that now due and to become due, including that hereafter contracted. We also agree as individuals to pay partnership indebtedness and each agrees to pay the other's individual in-

debtedness and a mortgage is this day executed to secure all this indebtedness.

"W. R. Justice,
"Ep Justice."

"Att: S. P. Hendrick."

Ep Justice filed an answer denying any promise to pay W. R. Justice's account, and alleged that this writing was obtained from him by fraud of appellant; that he could write his name but could not read writing and that the writing was not read to him before he signed it. He also alleged that he and W. R. Justice were engaged as partners in getting out logs and sending them to market, and that W. R. Justice was likewise engaged upon his own account. At the time this writing was executed appellant had an account against the firm of Ep Justice and W. R. Justice, one against Ep Justice individually and one against W. R. Justice individually. The first two were paid in full and this action was instituted upon the last. Ep Justice testified that when the mortgage referred to in the writing was read to him for his acknowledgment he, for the first time, discovered that he was to become bound for the individual debt of W. R. Justice and he refused to be so bound; and that appellant then appended to the mortgage a statement showing that he was not to become bound for the individual debts of W. R. Justice. This was all denied by appellant, except the payment of the partnership account and the individual debt of Ep Justice.

The theory of appellee was proved by himself and W. R. Justice, and facts were shown by several other witnesses which substantiated appellee's claim; to-wit, after the suit was filed Ep Justice asked appellant what he had sued him for, as he had paid him all he owed him, and appellant answered that he knew he had, that he put his name in because he was afraid he would be demurred out of court. The writing referred to was written by the attorney of appellant and attested by S. P. Hendrick, one of appellant's clerks, but neither of them testified in the case although it was shown that they lived in the town of Pikeville at the time of the trial. The clerk who took the acknowledgment of Ep Justice to the mortgage, also failed to testify to either contradict or corroborate Ep Justice with reference to his refusal to acknowledge the deed before it was interlined as before stated. Appellant alone was the only witness sustaining his position in the matter.

We do not feel disposed to disturb the finding of the lower court in behalf of appellee, and the judgment is affirmed.